IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES                                                                                          PLAINTIFF

V.                                    Criminal No. 3:23-CR-30009-002

ALLEN RAY THOMPSON                                                                           DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Allen Ray Thompson (Thompson) has filed a *pro se* Motion for Sentence Modification, arguing that the November 1, 2025, Federal Sentencing Guideline Amendments provides relief on his sentence. (ECF No. 80). The Government responded to the Motion on January 10, 2026. (ECF No. 82). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this matter was referred to the undersigned for the purposes of making a report and recommendation. (ECF No. 81). For the reasons explained below, it is recommended that the Motion be **DENIED.**

### I.     BACKGROUND

Thompson was named in all four counts of an Indictment filed on September 19, 2023, along with co-defendant, Anna Marie Atchley (Atchley), who was named in three counts. (ECF No. 1). Count One charged Thompson and Atchley with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; Count Two charged the pair with conspiracy to commit money laundering (in connection with their alleged conspiracy to distribute methamphetamine) in violation of 18 U.S.C. § 1956(a)(1)(B)(i); Count Three charged both Defendants with knowing possession with the intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); and Court Four charged Thompson with knowingly being a felon in knowing possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  (ECF No. 1).

On February 21, 2024, Thompson appeared before the undersigned and pled guilty to Count Three (knowing possession with the intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)) and consented to a Preliminary Order of Forfeiture. (ECF Nos. 33-36). Chief U.S. District Judge Timothy L. Brooks adopted Thompson's guilty plea the same day. (ECF No. 37).

Prior to sentencing, the Probation Office issued a Final Presentence Investigation Report ("PSIR"). (ECF No. 47). After being held accountable for 118,348.52 kilograms of converted drug weight, Thompson's base offense level was calculated at 38 for purposes of the sentencing guidelines' analysis. (ECF No. 47 ¶¶ 73, 78) (USSG § 2D1.1(c)(1)). Two (2) points were added pursuant to USSG § 2D1.1(b)(1) because Thompson possessed a dangerous weapon (a firearm), and two (2) additional points added for obstruction of justice (fleeing from a law enforcement officer) pursuant to USSG § 3C1.2. (ECF No. 47 ¶¶ 79, 82). Three (3) points were then deducted to reflect Thompson's acceptance of responsibility, resulting in a new base offense level of 39. (ECF No. 47 ¶¶ 85-87). Thompson's criminal history score was 9, establishing a criminal history category IV. (ECF No. 47 ¶ 97). Thompson faced a statutory minimum of ten (10) years in prison with a statutory maximum of life in prison. (ECF No. 47 ¶ 129). The advisory guideline range was 360 months to life in prison. (ECF No. 47 ¶130). Thompson made no objections to the PSIR. (ECF No. 45).

Judge Brooks conducted Thompson's Sentencing Hearing on June 12, 2024, and at its conclusion, sentenced Thompson to 300 months imprisonment, 5 years of supervised release, a $1,900 fine and $100 special assessment, and entered a Final Order of Forfeiture. (ECF Nos. 50-52). Thompson did not appeal his sentence. (ECF No. 54).

## II. THOMPSON'S MOTION FOR RELIEF

Identifying the 2025 Federal Sentencing Guideline Amendments which went into effect on November 1, 2025, Thompson seeks relief under modified USSG § 2K2.1 related to firearm offenses, arguing he is entitled to removal of the "automatic enhancement [he] was given for a stolen firearm due to the lack of proof of my knowledge that the weapon was stolen or that the weapon was reported stolen." (ECF No. 80, p. 1). Thompson further contends entitlement to relief under modified USSG § 4A1.2(a)(2) related to "intervening arrests" in criminal history calculations, asking the Court to "reevaluate [his] criminal history points and subsequently the criminal history category in which [he] was placed." (ECF No. 80, p. 2).

## III. UNITED STATES' RESPONSE

As an initial matter, the Government observes that Thompson's Motion for relief must be construed as one pursuant to 18 U.S.C. § 3582(c)(2). Citing the general rule that federal courts "may not modify a term of imprisonment once it has been imposed," *Dillon v. United States,* 560 U.S. 817, 819 (2010), it is recognized by the Government that Section 3582(c)(2) provides a limited exception for modification where "a sentencing range has subsequently been lowered by the Sentencing Commission," provided the reduction is consistent with the applicable policy statement of the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Identifying the applicable policy statement, the Government contends that permissible reductions under § 3582(c)(2) are limited to those amendments listed in USSG § 1B1.10(d). *See* USSG § 1B1.10(a)(1).

Assuming – for the sake of discussion – that Thompson is generally referring to Amendments 834 and 836 (amending parts of USSG § 2K2.1) and Amendment 832 (amending USSG § 4A1.2(a)(2)), the Government says that neither of these amendments apply retroactively, citing USSG § 1B1.10(d) and *United States v. Walsh*, 26 F.3d 75, 76-77 (8th Cir. 1994), and

importantly argues that neither of these guidelines were applied to Thompson at sentencing. Because neither USSG § 2K2.1 nor § 4A1.2(a)(2) were applied to Thompson, the Government argues that recent amendments cannot offer relief.

## IV. ANALYSIS

The undersigned does not believe that either of these amended Sentencing Guideline provisions were applicable to Thompson, playing no role in calculation of his sentencing guideline range. Thus, their amendment – even if retroactive – offers Thompson no relief. USSG §1B1.10(a)(2)(A).

Moreover, the Court cannot locate any authority supporting that these Amendments are retroactive. *United States v. Kuot,* 2025 WL 3079996 *1 (D. Nebraska, Nov. 3, 2025) (denying relief because "none of these amendments have been applied retroactively yet."). Amendments 832, 834, and 836 are not listed in USSG §1B1.10(d) (amended effective November 1, 2025). *See also United States v. Nunez,* 2026 WL 361010 (D. Mexico, Jan. 6, 2026) (amendment is not among the covered amendments listed in § 1B1.10(d) and thus has not been made retroactive by the Sentencing Commission. *United States v. Kleinknecht*, 2025 WL 3678479, at *1 (D. Neb. Dec. 18, 2025).

For these reasons, the undersigned finds Thompson has not presented any legal basis for sentencing relief under 18 U.S.C. § 3582(c)(2).

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Thompson's Motion for Sentence Modification (ECF No. 80) be **DENIED**.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

4

**objections may result in waiver of the right to appeal questions of facts. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **RECOMMENDED** this 23rd day of January 2026.

                                       */s/ Christy Comstock*
                                      **CHRISTY COMSTOCK**
                                      **UNITED STATES MAGISTRATE JUDGE**